## WHIPP et al. v. GLUECK.

### No. 5367.

Court of Appeals of District of Columbia.

Argued March 9, 1932.

Decided April 4, 1932.

John E. Laskey and Leonard J. Ganse, both of Washington, D. C., for plaintiffs.

John S. White, of Hyattsville, Md., for defendant.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case is here on error to the municipal court of the District of Columbia.

This suit is on the following promissory note:

"Washington, D. C., February 1, 1929.

"Sixty (60) days after date we promise to pay to Kassel Weinstein or order Two Hundred and seventy-five ($275.00) and 00/100 Dollars at the Franklin National Bank, for value received. The makers and endorsers of this note waive demand, notice and protest, as well as the homestead and all other exemptions. It is further agreed by the makers and indorsers of this note that the same is to be discounted at the rate of eight (8%) per cent. per annum. And we jointly and severally agree to pay 10 per cent attorney's fees for collection, in event of default in the payment thereof.

"[Signed]  Wm. R. Whipp,
"[Signed]  Ella F. Whipp.
"Address:  Hyattsville, Maryland.
"Indorsements:
"Kassel Weinstein,
"M. S. Glueck."

It is conceded that plaintiff Glueck paid full value for the note and thereby became an innocent holder for value before maturity and without notice of any usurious transaction between the makers and the original payee.

It appears that defendants originally negotiated a loan from Kassel Weinstein for $300 and gave a note exactly similar to the one here sued upon. When the note was signed Weinstein gave defendants a check for $270, deducting $30 interest for the 60-day loan. Defendants protested that it was usurious, being an interest charge at the rate of 67 per cent. per annum. Weinstein, however, deducted the $30, stating that it was the usual charge. When the note became due defendants sought a renewal and paid on the original note the sum of $50. This amount was accepted, and a new note was made for $275, the note here sued upon; Weinstein deducting $25 of the amount paid, making an interest charge at the rate of 62 per cent. per annum on the new note.

■ Defendants seek to defend against this note upon the ground that the transaction constitutes a violation of the loan shark law. We think this defense cannot be interposed, since there is no evidence that Weinstein was engaged in the business of loaning money, or that he was actually transacting a business that can be brought within the provisions of the loan shark law. If so, the loan shark act is in the nature of a criminal statute, and Weinstein would accordingly be subject to a criminal prosecution; but the defense here interposed is to a civil action.

The transaction here involved as between the original parties is clearly a violation of the usury statute. Section 1182 of the District Code (D. C. Code 1929, T. 17, § 5) provides as follows: "In any action brought upon any contract for the payment of money with interest at a rate forbidden by law, as aforesaid, any payments of interest that may have been made on account of said contract shall be deemed and taken to be payments made on account of the principal debt, and judgment shall be rendered for no more than the balance found due after deducting and properly crediting the interest so paid; but no bona fide indorsee of negotiable paper purchased before due shall be affected by any usury exacted by any former holder of said paper unless he had notice of the usury before his purchase."

This statute is practically the same as section 57 of the Negotiable Instruments Law, 30 Stat. 791, which reads as follows: "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

■ However unfortunate it may be that defendants did not avail themselves of their defense against this outrageous usurious transaction before the note passed into the hands of an innocent purchaser for value, there is under the law no relief that can be afforded against the present holder of the note in due course, and their liability for the entire amount of the note must be upheld.

The judgment is affirmed, with costs.